UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI MOTEN,            Civil Action No.: 17-13685
                                      Honorable Denise Page Hood
                Plaintiff      Magistrate Judge Elizabeth A. Stafford

v.

SOUTHFIELD QUALITY
CARS, INC. *et al.*,

              Defendants.

_____/

**REPORT AND RECOMMENDATION TO ENTER A DEFAULT
JUDGMENT AGAINST DEFENDANT MICHAEL MONICATTI**

**I.     Introduction**

Plaintiff Terri Moten's complaint against Defendant Michael Monicatti and other defendants[1] alleges that they conspired to fraudulently roll back the mileage shown on the odometer of a car sold to Moten, and that they sold Moten a worthless warranty.  [ECF No. 1].  Moten filed a motion to compel with respect to Monicatti, which the Honorable Denise Page Hood,

---

[1] Moten has stipulated to dismissals of Defendants Gary Egan, GWC Warranty Corporation, Capital One Auto Finance and Southfield Quality Cars.  [ECF Nos. 18, 22, 31, 32].  A clerk's entry of default has been entered against Monicatti Auto Sales LLC.  [ECF No. 43].

Chief Judge, referred to the undersigned for hearing and determination. [ECF Nos. 30, 34]. Because Monicatti has abandoned this litigation, including by failing to respond to discovery and violating several orders of the Court, the Court recommends that a default judgment be entered against him in an amount to be determined by Chief Judge Hood.

## II.     Background

After Moten filed her complaint in November 2017, she requested and was granted entry of a default against Monicatti in January 2018. [ECF Nos. 1, 5, 8]. But the parties stipulated in February 2018 to set aside the default, and Monicatti filed an answer to the complaint later that month. [ECF Nos. 16, 17]. An attorney for Monicatti signed the parties' joint status report under Federal Rule of Civil Procedure 26(f), but the report stated that the attorney would be withdrawing and that Monicatti would be representing himself *in pro per*. [ECF No. 23]. A March 2018 order allowed Monicatti's attorney to withdraw. [ECF No. 25].

The parties agreed in the joint report that Rule 26(a)(1) initial disclosures would be due on April 18, 2018, and Chief Judge Hood incorporated that deadline into the scheduling order. [ECF Nos. 23, 24]. The scheduling order also required initial witness lists to be exchanged by June 25, 2018, and discovery to be completed by August 13, 2018. [ECF

No. 24]. Moten filed her initial witness list on June 25, 2018, [ECF No. 28]; Monicatti did not file one. Moten also filed a motion for leave to file an amended complaint in June 2018. [ECF No. 29]. Monicatti filed neither a response to that motion nor an answer to the amended complaint, which was filed on July 24, 2018. [ECF No. 38].

On June 29, 2018, Moten filed a motion to compel Monicatti to produce initial disclosures, and to answer requests for production of documents and interrogatories under Federal Rules of Civil Procedure 33 and 34. [ECF No. 30]. An exhibit to the motion shows that Moten's attorney, Adam Taub, sent an email to Monicatti asking for concurrence in the motion to amend the complaint and a motion to compel initial disclosures. [ECF No. 30-2, PageID.250]. Monicatti responded on May 2, 2018 asking for clarification, which Taub provided. [*Id.*, PageID.248-49]. Taub sent Monicatti another email asking for concurrence before filing the motion to compel. [*Id.*, PageID.248]. There is no indication that Monicatti ever responded to Taub after his May 2nd email.

The local rule required Monicatti to file a response to the motion to compel within 14 days after he was served with it. E.D. Mich. LR 7.1(e)(2). Monicatti failed to timely respond to the motion to compel, so this Court ordered him to respond to the motion to compel no later than July 27, 2018,

3

and warned him that failure to respond could lead to sanctions, including a default judgment against him. [ECF No. 36]. Monicatti did not file a response by July 27, so the Court issued an order for him to show cause by August 16, 2018 why he should not be sanctioned or a default judgment should not be entered against him. [ECF No. 41]. Again, Monicatti failed to respond. He has deserted this litigation, and a default judgment should be entered against him.

### III. Analysis

In *Dell, Inc. v. Advicon Computer Servs., Inc.*, the court noted that, although no rule or statute authorizes entry of default judgment for failure to obey court orders in general, it is well established that a court has the inherent authority to do so. No. 06-11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) (Lawson, J.). The *Dell* court cited several examples:

> *See In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders); *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C.Cir.1995) ('As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions

as they find necessary, including even dismissals and default judgments.'); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the broad scope of a court's inherent authority).

*Id.* In the absence of Sixth Circuit authority establishing the appropriate circumstances for entering a default judgment for failure to abide by court orders, the *Dell* court relied on the established Sixth Circuit test for entering a default judgment as a discovery sanction:

> (1) whether the conduct at issue was the result of willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's conduct; (3) whether the disobedient party was warned that failure to cooperate could lead to default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default judgment.

*Id.*, (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990).

In *United States v. Griffin*, the court relied on *Dell* to recommend a default judgment against the defendant. No. 12-13927, 2013 WL 1843779 (E.D. Mich. Mar. 20, 2013), *adopted*, 2013 WL 1831323 (E.D. Mich. Apr. 30, 2013). The defendant in *Griffin* had failed to respond to a motion for summary judgment despite being warned that such a failure may result in sanctions, including a grant of summary judgment in the plaintiff's favor. *Id.* at *1. After the defendant failed to respond to the motion for summary judgment, the court issued an order for the defendant to show cause why

5

summary judgment or a default should not be entered in the plaintiff's favor. *Id.* The defendant still did not respond to the motion for summary judgment, and did not respond to the show cause order. *Id.*

Applying the four factors, the *Griffin* court found that the defendant's failures were her fault, and emphasized that "the Court does not expect plaintiff to either wait indefinitely or continue to incur litigation expenses when it is clear that defendant has abandoned all defense of this matter." *Id*. at *2. The *Griffin* court also saw "no utility in considering or imposing lesser sanctions" since the defendant had not filed responses as ordered, including her failure to respond to the show cause order. *Id.* The court thus recommended that a default judgment be entered in an amount to be determined by the district court, and that all pending motions be terminated as moot. *Id.*

Application of the four factors outlined in *Dell* to this case renders the same recommendation as in *Griffin*. Monicatti failed to respond to Moten's motion to compel, despite being ordered to do so, and failed to respond to this Court's show cause order. As in *Griffin,* he failed to respond to those orders despite being warned that his failure to do so could result in a default judgment. Monicatti's failure to respond to this Court's orders is the result of willfulness, bad faith or, at the very least, his fault. Monicatti's

6

desertion of this case has also prejudiced Moten, in that the discovery cutoff has passed without Monicatti providing initial disclosures, a witness list or responses to Moten's discovery requests. Moten should not be expected to wait indefinitely or to incur any more expenses in an attempt to compel Monicatti to participate in this litigation. Finally, like the court in *Griffin*, this Court sees no utility in considering or imposing lesser sanctions given Monicatti complete failure to respond to respond as directed to previous orders. Thus, all of the factors outlined in *Dell* weigh in favor of entering a default judgment against Monicatti.[2]

## IV. Conclusion

The Court **RECOMMENDS** that default judgment be entered against Monicatti, and in favor of Moten, in an amount to be determined by Chief Judge Hood.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 6, 2018

---

[2] Concurrent with this report and recommendation, the Court will file an order finding Moten's motion to compel to be moot, except that Monicatti will be ordered to pay Moten's reasonable expenses under Federal Rule of Civil Procedure 37(a)(5).

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2018.

s/Karri Sandusky on behalf of
MARLENA WILLIAMS
Case Manager
